

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF APPEALS & OPINIONS
CRIMINAL APPEALS & FEDERAL HABEAS BUREAU

June 30, 2020

*By Electronic Filing*

The Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Application GRANTED IN PART and DENIED IN PART. Respondent's request for a 60-day extension of time to respond to the non-COVID related claims (*see* Order to Answer, ECF No. 4; Order, ECF No. 10) is GRANTED.
SO ORDERED.
Dated: July 1, 2020

Re: *James v. Keyser,* 20-cv-3468 (LTS) (SDA)

Dear Judge Aaron:

    I represent the respondent in this habeas corpus matter pursuant to 28 U.S.C. § 2254. The respondent's answer to most of the claims in the petition is due Monday, July 6, 2020. I write respectfully to request that the Court stay the response due in this matter until the petition is fully exhausted or, alternatively, to grant a 60-day extension of time within which to respond to the petition, to September 4, 2020. This would be respondent's first request for an extension.

    By order dated May 7, 2020, the Court had ordered a response to petitioner's claim arising from the COVID-19 pandemic within 2 weeks of the Court's order, and a response to petitioner's remaining claims within 60 days. (*See* Docket No. 4.) Petitioner thereafter sought a stay with respect to his COVID-19-related claim to exhaust the claim in state court. (Docket No. 9.) The Court granted petitioner's request, but ordered a response to the remaining claims by the previously-scheduled due date. (Docket No. 10).

    I am requesting that the Court suspend the due date for the partial response to the petition until the stay is lifted with respect to petitioner's COVID-19 claim. Except in narrow circumstances not relevant in this case, under 28 U.S.C. § 2254(b), a court may not grant an application for habeas relief if it contains unexhausted claims. *See*

Page 2

*Rose v. Lundy*, 455 U.S. 509, 517-19 (1982) (pre-AEDPA decision stating that federal district courts may not adjudicate petitions containing both exhausted and unexhausted claims). Because this Court has granted petitioner a stay with respect to one claim, the petition will not be adjudicated until the stay is lifted. Given this, respondent requests permission to provide one complete response to all of petitioner's claims when the petition is fully exhausted.

In the alternative, respondent requests that the Court grant a 60-day extension within which to file a response. My office has just received the state court records from the jurisdiction that prosecuted petitioner, and upon review of those documents we have discovered that certain records are still missing. For this reason, if the Court does not suspend the respond until the petition is fully exhausted, I am requesting an extension until September 4, 2020.

I have not contacted Mr. James to determine his position on this request because he is incarcerated and proceeding *pro se*.

Thank you very much for your consideration.

            Respectfully Submitted,

            /s/ Margaret A. Cieprisz
            Margaret A. Cieprisz (MC-4599)
            Assistant Attorney General
            28 Liberty St.
            New York, NY 10005
            margaret.cieprisz@ag.ny.gov
            (212) 416-8620

cc: Sharkey James
  15-A-3784
  Sullivan Correctional Facility
  P.O. Box 116
  Fallsburg, New York 12733-0166
  (by regular mail)