UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sharkey James,

                Petitioner,

    -against-

William F. Keyser,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/2020

1:20-cv-03468 (JPC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is an application by *pro se* Petitioner Sharkey James ("James" or "Petitioner") to stay his Petition for a writ of habeas corpus to allow him time to exhaust certain unspecified claims in state court. (*See* Pet.'s 11/17/20 Letter, ECF No. 30.) For the reasons stated below, Petitioner's application is DENIED WITHOUT PREJUDICE.

**BACKGROUND**

James was convicted on February 25, 2015 in the Supreme Court of the State of New York, New York County, of one count of robbery in the first degree and one count of robbery in the second degree. (Pet., ECF No. 2, ¶¶ 1-5.) On direct appeal to the Appellate Division, First Department, James raised five points of error: (1) the trial court improperly admitted evidence of uncharged previous crimes; (2) the jury's conviction was against the weight of the evidence; (3) the trial court improperly denied his motion to suppress a show-up identification; (4) the trial court improperly denied his speedy-trial motion; and (5) the trial court improperly sentenced him

as a persistent violent felony offender. (*See* SR 81-125.[1]) The First Department affirmed James's conviction on March 12, 2019, and on June 14, 2019, the Court of Appeals denied James leave to appeal. *People v. James*, 170 A.D.3d 477 (1st Dep't), *lv denied*, 33 N.Y.3d 1070 (2019).

While awaiting a ruling on his leave application, by notice dated May 7, 2019, James filed a motion to vacate his sentence.[2] (*See* SR 470-71.) The trial court denied James's motion on September 18, 2019, and the First Department denied his application for leave to appeal that decision on February 10, 2020. (*See* SR 515-21, SR 535.)

By Petition dated April 27, 2020,[3] James petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet.) James's Petition raises the same five grounds of error as those he raised on direct appeal: (1) the trial court improperly admitted evidence of uncharged previous crimes; (2) the jury's verdict was against the weight of the evidence; (3) the trial court improperly denied his motion to suppress a show-up identification; (4) the trial court improperly denied his speedy-trial motion; and (5) the trial court improperly sentenced him as a persistent

---

[1] Records filed in James's state-court proceedings have been compiled at ECF Nos. 24-1 through 24-4. References to pages from the state record are made using the prefix "SR" and correspond to the Bates numbering at the bottom-right corner of each such page.

[2] James filed an earlier motion to vacate sentence in 2016; the trial court denied the motion, and James's appeal of that denial was consolidated with his direct appeal to the First Department. (*See* SR 1-9, SR 25-31, SR 141.)

[3] The Petition was filed to the docket on April 30, 2020.

violent felony offender.[4] (*See id.* at 10-30.) On June 19, 2020, District Judge Swain referred this case to me.[5] (Order of Reference, ECF No. 13.)

By letter dated November 17, 2020,[6] James requested a stay of the proceedings in this Court so that he could pursue new claims in state court via submission of a writ of error coram nobis to the First Department. (Pet.'s 11/17/20 Letter at 1.) Aside from asserting that his submission of this writ "could change the impact of [his] whole case," James's November 17 letter does not identify or characterize the new claims he seeks to pursue in state court. (*See id.*) By letter dated December 4, 2020,[7] James wrote the court again to "clarify" that his request of the Court is that it hold in abeyance "*all* claims presented" in his Petition, in light of "the fact that several related issues that are pertinent to [the matters before the Court] have revealed themselves but have not been presented before the State court for review and determination." (Pet.'s 12/4/20 Letter, ECF No. 34, at 1 (emphasis in original).) James's December 4 letter does not identify or further characterize the issues he references or the claims he intends to present in state court.

On December 9, 2020, Respondent filed a letter opposing James's stay application. (Resp.'s Letter, ECF No. 33.) Respondent argued that the James's application was premature, and

---

[4] In addition to these grounds, James sought immediate release due to his health issues and the circumstances created by the COVID-19 pandemic. (*See* Pet. at 31-43.) When he filed his Petition, James had not exhausted any state-court remedies with regard to these COVID-19 related claims. (*See* 5/27/20 Order, ECF No. 10.) On May 27, 2020, Judge Swain granted James's motion to hold his COVID-related claims in abeyance, to allow their exhaustion in state court. (*See id.*) Those claims remain held in abeyance.

[5] Subsequently, this case was reassigned from District Judge Swain to District Judge Cronan. (*See* Notice of Reassignment, ECF No. 27.)

[6] This letter was filed to the docket on November 20, 2020.

[7] This letter was filed to the docket on December 9, 2020.

that in any event James had not established good cause for his previous failure to exhaust his new claims, or that his new claims are meritorious. (*See id.* at 2-3.)

By letter postmarked December 14, 2020,[8] James provided the Court a "Response to Respondent's Request of December 9, 2020." (Pet.'s 12/14/20 Letter, ECF No. 35.) In this letter, James characterizes the new claims he seeks to pursue in state court as "dispositive, constitutional claims that 'relate back' directly to the claims currently before this habeas court," and asserts that those claims "were not presented before the State court through no fault of petitioner, being revealed after the completion of the first-tier appellate process." (*Id.* at 1.) However, as with James's two prior letters, this letter does not identify the nature of those new claims or offer any factual specifics to substantiate his assertions about them. In this letter, James indicates that he has declined to "[p]resent[] . . . a mix of exhausted and unexhausted claims to this habeas court at this time," because, as he sees it, doing so "would not only likely preclude a fair review for relief but [also] unreasonably waste this Court's time and resources." (*Id.*)

## DISCUSSION

**I.    Legal Standards**

The statute under which Petitioner filed his Petition, 28 U.S.C. § 2254, provides that "a[ny] person in custody pursuant to the judgment of a State court" must first exhaust all available remedies in state court before pursuing federal habeas review. 28 U.S.C. § 2254(b)(1)(A). The Court in a habeas case "ha[s] authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citation omitted). This

---

[8]  This letter was not dated; it was filed to the docket on December 18, 2020.

discretion is limited, however, to circumstances where the Court is presented with a "mixed" petition seeking habeas corpus relief, *i.e.*, a "petition containing some claims that have been exhausted in the state courts and some that have not." *Id.* at 271; *see also Harden v. LaClaire*, No. 07-CV-4592 (LTS) (JCF), 2008 WL 4735231, at *2 (S.D.N.Y. Oct. 27, 2008) ("[D]istrict courts have discretion to stay habeas petitions containing both exhausted and unexhausted claims."). A stay is unwarranted in circumstances where a petition does not include unexhausted claims. *See Fernandez v. Ercole*, No. 14-CV-02974 (RA) (HBP), 2017 WL 2364371, at *6 (S.D.N.Y. May 31, 2017).

Even when a petitioner requests to stay a mixed petition to pursue unexhausted claims in state court, the petitioner must demonstrate good cause for failing to previously exhaust the claims. *Rhines*, 544 U.S. at 277; *see also Martinez v. Mariuscello*, No. 16-CV-07933 (RJS), 2017 WL 2735576, at *2-3 (S.D.N.Y. June 23, 2017) (finding petitioner had failed to meet good cause standard where he "provide[d] no reason at all for his failure to exhaust his claims"). Further, a district court abuses its discretion when it grants a stay for a petitioner to pursue unexhausted claims which plainly are meritless. *Rhines*, 544 U.S. 269 at 277. Unexhausted claims are meritless, for example, when they are time-barred and do not "relate back" to claims asserted in the present petition. *Martinez*, 2017 WL 2735576, at *2-3 ("[E]ven if Petitioner could demonstrate good cause for his failure to exhaust his state law claims, almost all of the claims he hopes to add to his habeas petition are plainly lacking in merit because they are time barred and do not relate back to the claims asserted in Petitioner's present petition.").

## II. <u>Application</u>

Petitioner exhausted grounds (1) through (5) of his habeas petition on direct appeal. (*Compare* Pet. at 10-30 *with* SR 81-125.) In contrast, the claims Petitioner now seeks to pursue in state court are new, unexhausted claims, "not presented before the State court" previously. (See Pet.'s 12/14/20 Letter at 1.) Nor are those new claims presently before this Court: by his own account, Petitioner has decided *against* "[p]resenting such a mix of exhausted and unexhausted claims to this habeas court at this time." (*See id.*)

Because Petitioner does not raise in this proceeding any of the unexhausted claims that he seeks to pursue in state court, there is no basis now to stay the Petition, and his stay application is premature. *See Fernandez*, 2017 WL 2364371, at *6; *Clancy v. Phillips*, No. 04-CV-04343 (KMK), 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) (declining to stay proceeding, because "[t]he stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is present in this case at this time"). Further, because Petitioner has not offered the Court any specifics as to the nature of his new claims, the Court is unable to analyze those claims' merit or Petitioner's good cause for failing to exhaust them previously, as required under *Rhines*. Accordingly, before the Court can address Petitioner's stay application, Petitioner first must move to amend his current Petition pursuant to Federal Rule of Civil Procedure 15(a) to seek to add the new, unexhausted claims, *see Clancy*, 2005 WL 1560485, at *6, so long as they are not time-barred.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for claims raised in a habeas petition. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the one-year limitation period runs from the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year statute of limitations also applies to any amendment to a petition, unless the new claims in the amendment relate back to the original petition. *See* Fed. R. Civ. P. 15(c) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"); *see also Fama v. Comm'r of Correctional Services*, 235 F.3d 804, 815 (2d Cir. 2000).

    In the present case, on June 14, 2019, the New York Court of Appeals denied Petitioner leave to appeal from the First Department's affirmance of his judgment; therefore, his judgment became final ninety days later, on September 12, 2019. Thereafter, Petitioner had one year to file a habeas petition, not including any time excluded for a properly filed collateral challenge to the conviction in state court. *See* 28 U.S.C. § 2244(d). At the time his judgment became final, Petitioner had a motion to vacate sentence pending in state court; that collateral challenge remained pending until February 10, 2020, when the First Department denied Petitioner leave to appeal the trial court's denial. Accordingly, the period between September 12, 2019 and February

10, 2020 "shall not be counted toward" Petitioner's one-year limitations period, which therefore will not expire until February 10, 2021. *See* 28 U.S.C. § 2244(d)(2).

Thus, if Petitioner fails to move to amend his Petition by February 10, 2021, then he will be required to show that either (1) he could not previously have discovered the legal or factual predicates of his proposed new claims through the exercise of due diligence, or (2) his proposed new claims relate back to his original claims pursuant to Fed. R. Civ. P. 15. If Petitioner moves to amend by February 10, 2021, or if Petitioner is able to make either of the above showings, the Court will consider the merits of his motion to amend. If leave to amend is granted, only then will the Court consider Petitioner's motion to stay.[9]

## CONCLUSION

For the foregoing reasons, Petitioner's application to stay this proceeding is DENIED WITHOUT PREJUDICE. If Petitioner chooses to file a motion to amend, he is strongly advised to do so no later than February 10, 2021, and he shall concurrently file a motion to stay his Petition. Petitioner should be aware that this Court can grant a stay only if: (1) there is good cause for his failure to exhaust the unexhausted claims in state court before bringing this federal habeas petition; and (2) the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. In his submission, Petitioner shall state when he discovered the legal and factual bases for his new claims. If Petitioner files motions to amend and stay by February 10, 2021, Respondent shall file any papers in opposition within two weeks of the date that Petitioner's motions are filed on ECF.

---

[9] At that time, once Petitioner has identified and given some factual context for the new, unexhausted claims he seeks to pursue, the Court will be able to analyze them under the rubric of *Rhines v. Weber*, 544 U.S. 269 (2005), as Respondent urges. (*See* Resp.'s Letter at 2-3.)

If Petitioner does not file a motion to amend and concurrent motion to stay by February 10, 2021, then he shall file reply papers, if any, to Respondent's answering papers (ECF Nos. 23-24) no later than March 10, 2021. However, if Petitioner does file a motion to amend and concurrent motion to stay by February 10, 2021, then Petitioner's deadline to file reply papers to Respondent's answering papers is adjourned *sine die*.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

**SO ORDERED.**

DATED:   New York, New York
           December 21, 2020

                                              STEWART D. AARON
                                              United States Magistrate Judge