USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sharkey James,

                    Petitioner,

-against-

William F. Keyser,

                    Respondent.

1:20-cv-03468 (JPC) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Before the Court is a letter application by *pro se* Petitioner Sharkey James ("James" or "Petitioner") for the appointment of counsel to represent him in this action.[1] (*See* Pet.'s 2/28/21 Letter, ECF No. 45.) For the reasons stated below, Petitioner's application is DENIED.

**BACKGROUND**

By Petition dated April 27, 2020,[2] James petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 2.) James's Petition raises five grounds: (1) the trial court improperly admitted evidence of uncharged previous crimes; (2) the jury's verdict was against the weight of the evidence; (3) the trial court improperly denied his motion to suppress a show-up identification; (4) the trial court improperly denied his speedy-trial motion; and (5) the trial court improperly sentenced him as a persistent violent felony offender.[3] (*See id.* at 10-30.)

---

[1] Petitioner also requests that counsel be appointed for him in connection with his petition for a writ of error coram nobis in New York state court, but this Court lacks jurisdiction over the proceedings in that court.

[2] The Petition was filed to the docket on April 30, 2020.

[3] In addition to these grounds, James sought immediate release due to his health issues and the circumstances created by the COVID-19 pandemic. (*See* Pet. at 31-43.) When he filed his Petition, James had not exhausted any state-court remedies with regard to these COVID-19 related claims. (*See* 5/27/20

On June 19, 2020, District Judge Swain referred this case to me.[4] (Order of Reference, ECF No. 13.)

By letter dated November 17, 2020,[5] James requested a stay of the proceedings in this Court so that he could pursue new claims in state court via submission of a writ of error coram nobis to the First Department. (Pet.'s 11/17/20 Letter, ECF No. 30, at 1.) In an Order, dated December 21, 2020, this Court denied without prejudice Petitioner's request to stay and invited Petitioner to file a motion to amend his Petition, as well as a concurrent motion to stay. (12/21/20 Order, ECF No. 36, at 8-9.)

On January 5, 2021, James filed a motion to amend seeking to add a claim for ineffective assistance of appellate counsel, and to stay pending decision on his petition for a writ of error coram nobis. (*See* Pet.'s 1/5/21 Mot., ECF No. 38.) On January 21, 2021, Respondent opposed this motion (*see* Resp.'s 1/21/21 Resp., ECF No. 40), and Petitioner's motion remains *sub judice*.[6]

On February 28, 2021, James made his application for appointment of counsel that is now before the Court.[7] (*See* Pet.'s 2/28/21 Letter.)

---

Order, ECF No. 10.) On May 27, 2020, Judge Swain granted James's motion to hold his COVID-related claims in abeyance, to allow their exhaustion in state court. (*See id.*) Those claims remain held in abeyance.

[4] Subsequently, this case was reassigned from District Judge Swain to District Judge Cronan. (*See* Notice of Reassignment, ECF No. 27.)

[5] This letter was filed to the docket on November 20, 2020.

[6] It is the Court's present intention to decide the pending motion at the same time as it issues a report and recommendation with regard to the Petition.

[7] This letter was filed to the docket on March 3, 2021.

2

**DISCUSSION**

I. **Legal Standards**

No constitutional right to counsel exists in habeas corpus proceedings; "rather[,] the appointment of counsel in such proceedings is a matter of discretion." *Parks v. People*, No. 02-CV-06776 (RCC) (HBP), 2003 WL 1396440, at *1 (S.D.N.Y. Mar. 19, 2003). "For the Court to order the appointment of counsel, the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." *Tarafa v. Artus*, No. 10-CV-03870 (JGK), 2010 WL 2545769, at *1 (S.D.N.Y. June 9, 2010) (emphasis omitted) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). "Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: '[petitioner's] ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" *Id.* (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).

II. **Application**

The Court finds, in its discretion, that James has not met the criteria to justify the appointment of counsel in this case. As discussed below, he has failed to demonstrate why his Petition and motion to amend have sufficient merit to warrant the appointment of counsel. Indeed, based on a preliminary review of the Petition and motion to amend, and without prejudice to my further consideration of them, the Court finds that the claims asserted by James are unlikely to be meritorious. Thus, appointing counsel to assist Petitioner is inappropriate, in the Court's view.

Petitioner's *Molineux*[8] claim—that the trial court improperly admitted evidence of uncharged previous crimes (Ground One)—is not cognizable on habeas review. *See Cox v. Bradt*, No. 10-CV-09175 (CM) (JLC), 2012 WL 2282508, at *14 (S.D.N.Y. June 15, 2012) ("A trial court's decision to admit evidence of uncharged crimes pursuant to *Molineux* 'constitutes an evidentiary ruling based on state law' and is therefore generally not subject to habeas review." (quoting *Sierra v. Burge*, No. 06-CV-14432 (DC), 2007 WL 4218926, at *5 (S.D.N.Y. Nov. 30, 2007))). Petitioner's claim that the verdict was against the weight of the evidence (Ground Two) also is not cognizable. *See McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 75 (2d Cir. 2011) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus[.]").

Ground Three, which argues that the trial court improperly denied his motion to suppress a show-up identification, appears to be moot because Petitioner's identity was not an issue at trial. Petitioner's counsel conceded at trial that Petitioner was present during the crime, but argued that Petitioner did not act in concert with his cousin, who committed the crime. *See People v. James*, 170 A.D.3d 477, 478 (1st Dep't 2019).

Ground Four, which argues that the trial court improperly denied Petitioner's speedy-trial motion under the applicable New York state statute, *i.e.*, CPL § 30.30, is not cognizable on habeas review. *See Parrish v. Lee*, No. 10-CV-08708 (KMK), 2015 WL 7302762, at *11 (S.D.N.Y. Nov. 18, 2015) ("[A} § 30.30 claim is not cognizable in a federal habeas case."). Ground Five, which argues that the trial court improperly sentenced Petitioner as a persistent violent felony offender, also

---

[8] *See People v. Molineux*, 168 N.Y. 264 (1901).

is not cognizable. *See Saracina v. Artus*, 452 F. App'x 44, 46 (2d Cir. 2011) ("Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact. And it is well-established that '[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" (citation omitted)).

Finally, based upon the Court's preliminary review of Petitioner's motion to amend, Petitioner does not appear to have shown good cause for his failure to exhaust his claim for ineffective assistance of appellate counsel. Petitioner asserts that he was led to believe that certain issues would be raised by appellate counsel on appeal and that he did not realize until the Appellate Division affirmed his conviction that appellate counsel had failed to raise these issues. (*See* James Aff., ECF No. 39, ¶ 8.) He further asserts he then began researching these claims, but that the COVID-19 pandemic delayed his progress until he filed his error coram nobis motion in December 2020. (*See id.*) However, the Appellate Division affirmed Petitioner's conviction on March 12, 2019, many months before the pandemic. Petitioner fails to explain why he could not have filed his coram nobis application during that period.

## CONCLUSION

For the foregoing reasons, Petitioner's application for the appointment of counsel is DENIED.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Petitioner.

**SO ORDERED.**

DATED: New York, New York
March 18, 2021

_____
STEWART D. AARON
United States Magistrate Judge