UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sharkey James,

                Petitioner,

    -against-

William F. Keyser,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2021

1:20-cv-03468 (JPC) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

    On January 5, 2021, Petitioner filed a motion for leave to amend his habeas petition to add a claim for ineffective assistance of appellate counsel and for a stay of this proceeding pending his exhaustion of that claim in state court (ECF No. 38). On July 15, 2021, Petitioner filed an affidavit reflecting that he had exhausted his state remedies regarding his proposed additional claim (ECF No. 50), thereby mooting his motion to stay. Still pending before the Court is Petitioner's motion to amend. Petitioner has filed his proposed Amended Petition (ECF No. 51). Respondent has set forth his opposition to the proposed additional claim in submissions already on file. (*See* ECF No. 40 & 53.)

    A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The Second Circuit has held that the standard for granting or denying a motion to amend a habeas petition shall be controlled by Rule 15 of the Federal Rule of Civil Procedure, which provides that "leave to amend shall be freely given when justice so requires." *See Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001). The decision of whether to grant leave to amend is within the Court's discretion. *See Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 473 F. Supp. 3d 361, 364 (S.D.N.Y. 2020), *objections overruled*,

2020 WL 4927575 (S.D.N.Y. Aug. 21, 2020). The Court, in its discretion, thus grants Petitioner leave to amend, and the Amended Petition filed at ECF No. 51 shall be deemed to be the operative pleading.

The Court is not now addressing the merit or lack thereof of Petitioner's claim for ineffective assistance of appellate counsel and/or the timeliness of such claim. The Court intends to address such issues in its Report and Recommendation to District Judge Cronan regarding the Amended Petition.[1]

No later than Friday, September 3, 2021, Respondent shall file a letter to the docket in which he either (1) supplements and/or amends the papers he has already set forth in opposition to Petitioner's claims (*see* ECF Nos. 23-24, 40, 53), or (2) indicates his intention to rest on those earlier papers. No later than thirty days after Respondent files that letter, Petitioner shall file a reply. In that reply, Petitioner shall confirm whether he is still pursuing the "COVID-19 related claims" that Chief Judge Swain ordered held in abeyance in May 2020. (*See* Order, ECF No. 10.)

The Clerk of Court is respectfully requested to close the gavel at ECF No. 38, and to mail a copy of this Order to the *pro se* Petitioner.

**SO ORDERED.**

---

[1] Respondent urges the Court to exercise its "discretion to deny [leave to amend] for good reason," namely, futility. (Resp.'s 8/10/21 Ltr. Br., ECF No. 53, at 2 (internal quotation marks omitted) (quoting *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 98 (2d Cir. 2019)).) The Court declines to do so. A futility analysis would overlap significantly with analysis of the merits of certain of Petitioner's original claims; in the interest of judicial efficiency, the Court will reserve that analysis for its forthcoming Report and Recommendation. *Cf. Espinoza v. Cap. One, N.A.*, No. 18-CV-02090 (MDD), 2019 WL 1958275, at *2 (S.D. Cal. May 2, 2019) ("Defendant's arguments regarding the substance of Plaintiff's complaint are better addressed on a later challenge on the merits.").

Dated: New York, New York
August 13, 2021

_____
STEWART D. AARON
United States Magistrate Judge